## DOTSON *v.* STATE.

(Division A.   Feb. 10, 1930.   Suggestion of Error Overruled, Mar. 10, 1930.)

[126 So. 38.   No. 28218.]

J. S. McGuire, of McComb, for appellant.

**Colbert Dudley**, of Forest, for appellant.

**W. A. Shipman**, Assistant Attorney-General, for the state.

Argued orally by **J. S. McGuire** and **Colbert Dudley**, for appellant, and by **W. A. Shipman**, Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This case was appealed to the court below from a judgment of a justice of the peace convicting the appellant of having intoxicating liquor in possession. The case was tried in the court below in the absence of the appellant, a motion for a continuance on the ground of his illness having been overruled. The court below committed no error in overruling this motion, for it was justified in finding, from the evidence, that the appellant could have appeared in court without detriment to his health.

The conviction was on the evidence of the sheriff, admitted over the appellant's objection. The ground of this objection is that the evidence was obtained by the sheriff by a search of the appellant's premises under a defective search warrant and after the expiration of a reasonable time within which the search could have been made after the warrant was issued.

The evidence was to the effect that the sheriff and another, on the night of April 27, 1929, were in the public road in front of the appellant's residence intending to make a search thereof under the warrant, and while there an automobile drove up and stopped. The occupants thereof went to the door of the appellant's residence, returned to the automobile accompanied by the appellant, who walked a short distance therefrom into some bushes and returned with a glass jug containing a liquid which the sheriff says he recognized as whisky; and that he (the sheriff) laid his hand on the jug, saying, "I will take this," when the appellant recognized him and dropped the jug without breaking it. The sheriff then examined its contents, which proved to be whisky. He then arrested the appellant and served his warrant.

On this evidence, the warrant was not necessary in order to justify the arrest of the appellant. The sheriff was not on the appellant's premises when he saw him with the whisky; and assuming, though the evidence leaves that fact in doubt, that the appellant was then on his premises and not in the public road the sheriff's evidence relative thereto is competent, for the eye commits no trespass, and no unlawful search is made by a public officer, who, while in a place where he has the right to be, observes things occurring in open view on private property.

On cross-examination, the appellant sought to elicit from the sheriff that he had visited the appellant's premises on a prior occasion after the issuance of the warrant with it in his possession, but was not permitted to do so. This evidence was properly excluded, for it could have

had no bearing on the admissibility of the evidence which the sheriff had given, or to any other relevant fact in the case.

The judgment of the justice of the peace does not set forth his judicial district, and one of the appellant's contentions is that the judgment is void because this fact is not therein set forth. Section 2727, Code of 1906, section 2381, Hemingway's 1927 Code, provides that each justice of the peace shall, "at the beginning and in front of all his entries in his docket, make and subscribe substantially the following entry, to-wit: 'A docket of proceedings in matters civil and criminal before ——, a justice of the peace of the county of ——, in the state of Mississippi, in district No. —— of said county, for the election of justices of the peace.'" This entry on his docket is a sufficient record of the matters therein set forth; renders all subsequent entries in the docket official, and is not one of the matters which, under section 84, Code of 1906, section 64, Hemingway's 1927 Code, a justice of the peace is required to certify to the circuit court in cases appealed from his court thereto.

The affidavit on which the appellant was tried, and the certificate of the justice of the peace to the record, set forth that he (the justice of the peace) as "a Justice of the Peace of District Number 5, Rankin county, Mississippi." According to the contention of the appellant, they should have set forth that he is a justice of the peace in the fifth supervisors' district of Rankin county. This contention is, of course, without merit. Section 2721, Code of 1906; section 1, chapter 209, Laws of 1926, section 2375, Hemingway's 1927 Code, provides that: "There shall be five districts in each county for the election of justices of the peace, the boundaries of which shall be the same as the boundaries of the districts for the election of members of the board of supervisors, and two justices of the peace shall be elected for each district by the electors thereof," etc. While the area of these districts is the same as that for members of the board of

supervisors, the districts, nevertheless, are for the election of justices of the peace, and are properly designated as such.

The judgment convicting the appellant was introduced in evidence by the state. The appellant here complains thereat, but as the record discloses no objection thereto in the court below, no question relative thereto is here presented.

Affirmed.